OPINION
{¶ 1} Defendant-appellant Francisco Sierra appeals from his conviction and sentence, following a guilty plea, on one count of Unlawful Sexual Conduct with a Minor, with a specification that Sierra was ten or more years older than his victim, a felony of the third degree. Sierra contends that he was denied the effective assistance of trial counsel when his trial counsel failed to inquire concerning an extensive conversation between Sierra's interpreter and Sierra during the plea hearing. Sierra also contends that his minimum sentence of imprisonment for one year is contrary to law, excessive, and unsupported by the record.
 {¶ 2} We conclude that the record does not portray ineffective assistance of Sierra's trial counsel. We further conclude that the sentence is supported by the record, is not excessive, and is not contrary to law. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Sierra, who was then thirty-seven years old, had sexual intercourse with a thirteen-year-old girl, who had been provided with alcoholic beverages. Three other men were present in the apartment where this took place, one of whom also had sexual intercourse with the victim.
 {¶ 4} Sierra, a Mexican national, was arrested and indicted for Unlawful Sexual Contact with a Minor, with a specification that he was ten or more years older than his victim.
 {¶ 5} Sierra pled guilty, along with his co-defendant, at a hearing at which Sierra was present with his counsel. An interpreter was sworn in by the trial court to accurately translate everything that the trial court and counsel said to Sierra, and everything that Sierra said to the trial court.
 {¶ 6} During the plea hearing, Sierra tendered his plea of guilty, and the trial court accepted that plea. A pre-sentence investigation was ordered. At a subsequent sentencing hearing, the trial court imposed the minimum sentence of imprisonment for one year for the offense.
 {¶ 7} From his conviction and sentence, Sierra appeals.
 II {¶ 8} Sierra's First Assignment of Error is as follows:
 {¶ 9} "Appellant Sierra Was Denied Effective Assistance Of Counsel."
 {¶ 10} Sierra bases this assignment of error upon the following colloquy at the plea hearing:
 {¶ 11} "THE COURT: Now Mr. Sierra and Mr. Alvarez, you are both eligible for consideration for probation. We also call probation community control sanctions, which is an alternative to a prison sentence. And if the Court grants this probation or community control sanctions, they could last for as long as five years. And if the Court grants you the community control sanctions, one of the community control sanctions could be some local jail time of up to six months.
 {¶ 12} "But I want to make sure, Mr. Alvarez and Mr. Sierra, has anybody promised or guaranteed to you that you will for sure receive this probation instead of a prison sentence, all right? Mr. Alvarez, has anybody promised you probation?
 {¶ 13} "THE INTERPRETER: No.
 {¶ 14} "MR. SHIRA [representing Alvarez]: Has anybody told him that he will get probation for sure?
 {¶ 15} "(Extensive conversation between the interpreter and the defendant.)
 {¶ 16} "THE INTERPRETER: No.
 {¶ 17} "THE COURT: And the same question to Mr. Sierra, has anybody promised you probation?
 {¶ 18} "MR. SIERRA: No.
 {¶ 19} "THE INTERPRETER: No."
 {¶ 20} Sierra contends that his trial counsel was ineffective for having failed to inquire concerning the nature of the extensive conversation between the interpreter and "the defendant." It is not altogether clear which defendant is being referred to in this notation in the transcript, but because this transcript was prepared and filed exclusively in Sierra's case, we will assume that the reference to "the defendant" refers to Sierra, even though the conversation between the interpreter and "the defendant" followed a question posed by Alvarez's attorney.
 {¶ 21} Sierra suggests in his brief that the extensive conversation with the interpreter "could, arguably, have related to the Defendants that the Court's questioning was routine and they should respond in the expected manner to receive the State's deal." As the State notes in its brief, this is pure speculation. It is equally possible that there was an extensive discussion about the meaning of "probation" — we just do not know the nature of that conversation.
 {¶ 22} On a direct appeal, reversible error must be demonstrated in the record. To prevail on a claim of ineffective assistance of trial counsel, a defendant must show both deficient performance, and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
 {¶ 23} Even if we are to assume, purely for purposes of analysis, that Sierra's trial counsel was ineffective for having failed to inquire concerning the nature of the conversation between his client and the interpreter, the record fails to demonstrate prejudice. For that matter, there is nothing in the record to indicate that Sierra's trial counsel was not fluent in Spanish. Obviously, if Sierra's trial counsel was fluent in Spanish, he would not have needed to make any inquiry concerning the nature of the conversation between Sierra and the interpreter.
 {¶ 24} In short, the record fails to portray ineffective assistance of trial counsel. Sierra's First Assignment of Error is overruled.
 III {¶ 25} Sierra's Second Assignment of Error is as follows:
 {¶ 26} "Appellant's Sentence Is Contrary To Law, Excessive, And Unsupported By The Record."
 {¶ 27} Because Sierra was sentenced for a third degree felony, there are no statutory presumptions to overcome. The trial court is required, in exercising its discretion to determine an appropriate sentence, to consider certain factors relating to the seriousness of the criminal conduct, as well as certain facts relating to the likelihood of the offender's recidivism, as well as any other factors that may be appropriate. R.C. 2929.12. At the sentencing hearing, the trial court indicated that it had considered these factors. The pre-sentence investigation report lays out circumstances that would impact seriousness and recidivism. In the report, the fact that the victim "was 15 years old [sic — in the recitation of the details of the offense, the victim is consistently referred to as having been 13 years old]," is cited for the proposition that the physical or mental injuries suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim, making Sierra's conduct more serious. Also cited in the report as supporting a conclusion that the offense is more serious, was the fact that Sierra was also drinking beer with the victim. No facts were cited as supporting the proposition that the offense was less serious.
 {¶ 28} Cited in the report as supporting the proposition that recidivism is likely was the fact that Sierra "is minimizing his alcoholic intake."
 {¶ 29} The trial court, at the sentencing hearing, recited facts pertaining to seriousness and recidivism, as follows:
 {¶ 30} "THE COURT: Mr. Alvarez and Mr. Sierra, the Court, in deciding what to do in this case, considers a number of factors. First is the nature of the offense here and the offense involves sex with a 13-year-old female, the defendants in this case being 37 years old and 40 years old, so, a huge age difference.
 {¶ 31} "I disagree with Mr. Shira's statement that you are the victims in this case. The only victim in this case is this child.
 {¶ 32} "I also consider the fact that this child was intoxicated, was drunk and you, Mr. Alvarez, and you, Mr. Sierra, took advantage of that vulnerability during an intoxicated state and engaged in sex.
 {¶ 33} "I also consider some points that were made by Dr. Bergman in her psychiatric report regarding Mr. Sierra but this really applies to both defendants and this I consider in determining whether community control sanctions is appropriate or possible in this situation. And she makes the points that Mr. Sierra, and this applies to Mr. Alvarez, are illegal aliens. Neither has a visa which would allow them to reside or work in the United States and neither has support systems in this area or roots in this community. "So, in considering those points along with the nature of this offense, the recommendation in both cases by the probation department was not to grant probation but to impose a prison sentence.
 {¶ 34} "The Court has considered all the circumstances. The Court has considered the seriousness and recidivism factors of the Revised Code as set forth in the pre-sentence investigation report.
 {¶ 35} "And given all of these circumstances, the Court finds that community control sanctions would not protect the public from future crime by the defendants and would not adequately punish them."
 {¶ 36} Whereupon, the trial court imposed the minimum, one-year sentence.
 {¶ 37} We find nothing in the record to indicate that the sentence imposed in this case is contrary to law. Nor do we find the sentence imposed in this case to be excessive. Based upon our review of the record, we conclude that the sentence imposed in this case is supported by the record. Sierra's Second Assignment of Error is overruled.
 IV {¶ 38} Both of Sierra's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.